```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

IVAN VELIUS,                       :   HONORABLE JOSEPH E. IRENAS
                                   :
            Plaintiff,             :
                                   :   Civil Action No. 09-53 (JEI/JS)
     v.                            :
                                   :            **OPINION**
                                   :
TOWNSHIP OF HAMILTON, ET AL.,      :
                                   :
            Defendants.            :
                                   :

ABRAMSON & DENENBERG, P.C.
By: Thomas Bruno, II, Esq.
1315 Walnut Street, 12th Floor
Philadelphia, Pennsylvania 19107
         Counsel for Plaintiff

BARKER, SCOTT & GELFAND, P.C.
By: A. Michael Barker, Esq.
Linwood Green- Suite 12
210 New Road
Linwood, New Jersey 08221
         Counsel for Defendants

**IRENAS**, Senior District Judge:

 At the trial of this § 1983 excessive force case, the jury found that two of the three Defendants, police officer Francis Smyth, and police officer Kevin Zippilli, violated Plaintiff Ivan Velius's Fourth Amendment right not to be subjected to excessive force.[1]  However, the jury also found that Defendants' acts did

---

[1] The jury found no liability as to Defendant Jacobi.  The instant Motion does not implicate the judgment as to him.  Unless otherwise indicated, in this Opinion the Court uses "Defendants" to refer to Defendants Smyth and Zippilli only.

not cause injury to Velius; and one dollar in nominal damages was awarded to Velius.  Defendants now move to alter the judgment pursuant to Fed. R. Civ. P. 59(e), asserting that, "without an injury, there can be no Fourth Amendment violation," (Moving Brief, p. 1), and alternatively, Defendants Smyth and Zippilli are entitled to qualified immunity.  For the reasons set forth herein, the Motion will be denied.

**I.**

For the purposes of the instant Motion, it is not necessary to set forth all of the evidence produced at trial.  Plaintiff's excessive force claim was primarily based on his own testimony that, during Plaintiff's arrest, either Officer Zippilli or Officer Smyth secured handcuffs too tightly on Plaintiff's wrists / forearm area, causing Plaintiff severe pain.[2]  Plaintiff also testified that neither Defendant responded to Plaintiff's complaints that the handcuffs were causing him pain.[3]

While Plaintiff did introduce some medical evidence that could support a finding that the handcuffs caused nerve damage, the jury apparently concluded that Plaintiff had not proven that

---

[2] Neither Smyth nor Zippilli (nor Plaintiff) could remember which officer placed the handcuffs on Plaintiff.

[3] Plaintiff also claimed that Officer Zippilli used excessive force when he took Plaintiff down to the ground in order to subdue him before the handcuffs were placed on him.

injury by a preponderance of the evidence.  The jury specifically indicated on its verdict sheet that Defendants caused no injury to Plaintiff.[4]  However, the jury did find that both Defendants Smyth and Zippilli used excessive force when arresting Plaintiff and also failed to intervene to stop the use of excessive force.

## II.

Federal Rule of Civil Procedure 59(e) "permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 582 n.5 (2008).  "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *North River Ins. Co v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

## III.

---

[4] The Court used the Third Circuit's model "Integrated Instruction and Special Verdict Form: Section 1983 Claim - Excessive Force (Stop, Arrest or other 'Seizure')," which is included as Appendix One of the Third Circuit's Model Civil Jury Instructions, *available at* http://www.ca3.uscourts.gov/civiljuryinstructions/toc_and_instructions.htm.

## A.

Before turning to the merits, the Court briefly addresses whether the instant Rule 59(e) Motion is procedurally proper. Plaintiff argues that it is not because Defendants could have raised their arguments prior to the entry of judgment. On the other hand, Defendants argue that disputed issues of fact precluded any earlier determination of these issues of law. Specifically, Defendants point to evidence in the record (and presented at trial) that Plaintiff did sustain an injury as a result of the Defendants' actions or failure to act. According to Defendants, they could not have raised the instant arguments via a summary judgment motion, for example, because their arguments are based on the jury's factual determination that Plaintiff sustained no injury.[5] Thus, Defendants reason, the jury's finding of no injury is tantamount to new evidence, and in light of the jury's finding, justice requires post-judgment consideration of Defendants' arguments.

Because Defendants' arguments are specifically based on the jury's finding of fact, the Court is persuaded that Defendants could not have raised their arguments at an earlier stage of the litigation. Accordingly, the Court will proceed to consider the

---

[5] Defendants did not file any motions pursuant to either Fed. R. Civ. P. 12(b)(6) or 56. At trial Defendants moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) as to Plaintiff's claim for punitive damages but not as to the issues raised here.

merits of the instant motion.

**B.**

The Court addresses the constitutional question, then qualified immunity.

**(1)**

The issue is whether a state actor's use of force which does not cause injury can violate the Fourth Amendment's prohibition of unreasonable seizures.

The Court begins with the Third Circuit's Model Civil Jury Instructions (hereafter "Model Instructions"), which were used at trial. The Court charged the jury:

> In this case, Plaintiff claims that Defendants Smyth and Zippilli used excessive force when they arrested and handcuffed him. In order to establish that these Defendants used excessive force, Plaintiff must prove both of the following by a preponderance of the evidence:
>
>     First: Defendants intentionally committed certain acts.
>
>     Second: Those acts violated Plaintiff's Fourth Amendment right not to be subjected to excessive force.
>
>     *In determining whether Defendants Smyth and Zippilli's individual acts constituted excessive force, you must ask whether the amount of force each Defendant used was the amount which a reasonable officer would have used under similar circumstances.* You should consider all the relevant facts and circumstances that each Defendant reasonably believed to be true during the time period at issue. You should consider those facts and circumstances *in order to assess whether there was a need*

5

> *for the application of force, and the relationship between that need for force, if any, and the amount of force applied. The circumstances relevant to this assessment can include*:
>
> - the severity of, and the risks posed by, Plaintiff's conduct;
>
> - whether Plaintiff posed an immediate threat to the safety of the Defendants or others;
>
> - the possibility that Plaintiff was armed;
>
> - whether Plaintiff was actively resisting arrest or attempting to evade arrest by flight;
>
> - the duration of each Defendant's action;
>
> - the number of persons with whom Defendants had to contend; and
>
> - *whether the physical force applied was of such an extent as to lead to unnecessary injury*; [for example, whether a Defendant placed handcuffs on Plaintiff that were excessively tight.][6]

(Joint Trial Exhibit C-5) (emphasis added); *see* Model Instructions § 4.9. As the accompanying comment to the instruction makes clear, the inquiry focuses on the amount of *force* applied, not necessarily the presence or absence of a physical injury:

> The Fourth Amendment permits the use of 'reasonable' force. . . . *Physical injury is relevant but it is not a prerequisite of an excessive force claim. See Sharrar [v. Felsing]*, 128 F.3d at 822 ("We do not agree that the absence of physical injury necessarily signifies that the

---

[6] The bracketed portion of the charge is not included in the Model Instructions. The Court added that portion, with the parties' consent, at the charge conference.

> force has not been excessive, although the fact that the physical force applied was of such an extent as to lead to injury is indeed a relevant factor to be considered as part of the totality.").

Comment, Model Instructions § 4.9 (emphasis added).  In other words, a § 1983 plaintiff may suffer a *constitutional* injury (i.e., an infringement of his right to be free from an unreasonable seizure) without suffering a *physical* injury.

Indeed, this conclusion is consistent with the Model Instruction and Comment regarding nominal damages: "[a] person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury.  Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred."  Model Instruction § 4.8.2[7]; *see also* Comment, Model Instruction § 4.8.2 (citing with approval *Slicker v. Jackson*, 215 F.3d 1225, 1232 (11th Cir. 2000) ("[W]e agree with the reasoning of our sister circuits which have held that a § 1983 plaintiff alleging excessive use of force is entitled to nominal damages even if he fails to present evidence of compensable injury.")).

Moreover, the Supreme Court's decision in *Wilkins v. Gaddy*, 130 S.Ct. 1175 (2010), lends further support to the conclusion that the absence of a physical injury does not, as a matter of law, automatically preclude a finding that a state actor used

---

[7] The Court gave this instruction to the jury.  (*See* Joint Trial Exhibit C-5)

excessive force.  In *Wilkins*, the Court reaffirmed *Hudson v. McMillian*'s[8] "direction to decide [Eighth Amendment] excessive force claims based on the nature of the force rather than the extent of the injury." 130 S.Ct. at 1177.  *Wilkins* specifically emphasized that the "'core judicial inquiry,'" for Eighth Amendment claims is "the nature of the force," not "the extent of the injury," explaining, "[i]njury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts.  An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." 130 S.Ct. at 1178-79 (citing with approval *Smith v. Mensinger*, 293 F.3d 641, 648-49 (3d Cir. 2002) ("[T]he Eighth Amendment analysis must be driven by the extent of the force and the circumstances in which it is applied; not by the resulting injuries. . . . *[D]e minimis* injuries do not necessarily establish *de minimis force*.")) (emphasis in *Wilkins*).

    Although *Wilkins* and *Smith* are Eighth Amendment excessive force cases, their reasoning is equally applicable in the Fourth Amendment excessive force context since the Eighth Amendment standard is more onerous.  *Compare Wilkins*, 130 S.Ct. at 1178 (Eighth Amendment is violated when "prison officials maliciously and sadistically use force to cause harm . . . [in violation of]

---

    [8]   503 U.S. 1 (1992).

contemporary standards of decency.") *with Graham v. Connor*, 490 U.S. 386, 395 (1989) (Fourth Amendment prohibits the "unreasonable" use of force).  If, absent a physical injury, a prison guard may still be liable for using excessive force against a prisoner, it follows that a police officer may still be liable for using excessive force against a person at liberty. *See* Michael Avery, David Rudovsky, & Karen Blum, Police Misconduct: Law and Litigation § 2:19 (2010) ("If the characterization of an injury as de minimis does not bar an Eighth Amendment claim, it seems that it should not bar a Fourth Amendment claim for excessive force for the same reasons.").

Accordingly, the Court rejects Defendants' argument that, as a matter of law, they cannot be liable for the use of excessive force in light of the jury's finding that Plaintiff suffered no injury.

**(2)**

The Court also rejects Defendants' argument that it would not be clear to a reasonable officer in Defendants' position that they could be liable for using excessive force absent any injury to Plaintiff.  *See Reedy v. Evanson,* 615 F.3d 197, 224 (3d Cir. 2010) (qualified immunity analysis asks "'whether the right was clearly established . . . in light of the specific context of the case. . . .'  A right is clearly established if 'it would be

9

clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'") (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

*Sharrar v. Felsing* was decided in 1997.  128 F.3d 810 (3d Cir. 1997).  In that case, the Third Circuit affirmed this Court's grant of summary judgment to various police officers on excessive force claims.  *Sharrar*, 128 F.3d at 822.  However, the Court of Appeals did criticize this Court's excessive force analysis for "focus[ing] only on the presence *vel non* of physical injury."  *Id.*  The Court explained, "[w]e do not agree that the absence of physical injury necessarily signifies that the force has not been excessive."  *Id.*

Thus, since at least 1997, the law with respect to Fourth Amendment excessive force claims has been clear: the presence or absence of a physical injury is but one relevant factor to consider in the Fourth Amendment excessive force analysis.  *See id.* ("other relevant factors include the possibility that the persons subject to the police action are themselves violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time.").  An officer in Defendants' position at the time of Plaintiff's arrest in 2007 could not have reasonably believed that he could be liable for

10

excessive force only if his use of force caused a physical injury.

Contrary to Defendants' assertions, *Gilles v. Davis*, 427 F.3d 197 (3d Cir. 2005), is not at odds with *Sharrar*, and does not compel a different result.  In *Gilles*, the Third Circuit held that "the facts alleged constitute insufficient evidence as a matter of law for excessive force by handcuffing," and affirmed the district court's grant of summary judgment on the ground of qualified immunity to the defendant-appellee Officer Davis.  427 F.3d at 208.  The only evidence in the record to support the excessive force claim was Gilles's own testimony that "he complained of pain to unidentified officers who allegedly passed the information to Davis."  *Id.*  The other evidence in the record was undisputed videotape footage of the arrest in which "Gilles demonstrated no expression or signs of discomfort at the time he was handcuffed."  *Id.*

*Gilles* distinguished the facts of *Kopec v. Tate*, 361 F.3d 772 (3d Cir. 2004), where a claim of excessively tight handcuffs survived summary judgment.  The Court emphasized that the plaintiff in *Kopec* had alleged permanent nerve damage for which he received medical treatment for over a year, whereas Gilles did not "seek or receive medical treatment after [his arrest]."  *Gilles,* 427 F.3d at 208.

Unlike Defendants, the Court does not interpret *Gilles*'s

11

discussion of *Kopec* as establishing a special legal standard requiring a physical injury for claims of excessive force by handcuffing.  Rather, *Gilles* and *Kopec*, read together, and in light of *Sharrar*[9], are simply an application of the principle that the presence or absence of physical injury is probative evidence of whether the force used was excessive.  Thus, in *Kopec*, the severity of the injury alleged was sufficient evidence from which a reasonable juror could find that the force used was excessive; whereas in *Gilles,* the absence of such evidence, along with the absence of any other evidence of excessive force (except Gilles's alleged complaint to unidentified officers) required judgment as a matter of law for Officer Davis.  In short, this Court interprets *Kopec* and *Gilles* together as standing for the proposition that a severe injury from handcuffs can support a finding of excessive force, and in the absence of an injury, some other evidence, such as "obvious visible indicators of [] pain," *Gilles*, 427 F.3d at 208, will be required.  Interpreting *Gilles* to hold that a physical injury will always be required to sustain a claim of excessive force by handcuffing is, in this Court's view, overly broad.

Accordingly, the Court concludes that in 2007, the law with respect to claims of excessive force by handcuffing, was clear: officers may violate a person's Fourth Amendment right to be free

---

[9]   *Kopec* relied upon *Sharrar*.  See *Kopec*, 361 F.3d at 777.

from excessive force even in the absence of physical injury. Defendants are therefore not entitled to qualified immunity.

**IV.**

For the above-stated reasons, Defendants' Motion to Alter the Judgment will be denied. An appropriate Order accompanies this Opinion.

December 7, 2010                              s/ Joseph E. Irenas
                                         **JOSEPH E. IRENAS, S.U.S.D.J.**