```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

IVAN VELIUS,                    :   HONORABLE JOSEPH E. IRENAS
                                :
            Plaintiff,          :
                                :   Civil Action No. 09-53 (JEI/JS)
     v.                         :
                                :          **OPINION**
                                :
TOWNSHIP OF HAMILTON, ET AL.,   :
                                :
            Defendants.         :
                                :

**APPEARANCES:**

ABRAMSON & DENENBERG, P.C.
By:  Thomas Bruno, II, Esq.
1315 Walnut Street, 12th Floor
Philadelphia, Pennsylvania 19107
     Counsel for Plaintiff

BARKER, SCOTT & GELFAND, P.C.
By:  A. Michael Barker, Esq.
Linwood Green – Suite 12
210 New Road
Linwood, New Jersey 08221
     Counsel for Defendants


**IRENAS**, Senior District Judge:

   Two issues remain for resolution in this Section 1983 suit: Plaintiff's motion for attorneys' fees pursuant to 42 U.S.C. § 1988, and Plaintiffs' application for attorney's fees pursuant to Local Appellate Rule 108.1.[1]  For the reasons set forth below,

---

[1] The Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).  Plaintiff's application for attorney's fees was "remanded to the trial court for disposition," (Dkt. No. 63).

Plaintiff's motion and application are both denied.

## I.

As the facts of this case have been recited in *Velius v. Twp. of Hamilton*, 754 F. Supp. 2d 695 (D.N.J. 2011) and *Velius v. Twp. of Hamilton*, 2012 U.S. App. LEXIS 5009 (3d Cir. March 9, 2012), the Court outlines only the essential factual background. Plaintiff Ivan Velius, while under the influence of alcohol, was involved in a traffic accident on January 7, 2007.  After fleeing the scene, Plaintiff was stopped by Defendant officers Smyth, Jacobi, and Zippilli after the three were notified of Plaintiff's erratic driving.  Upon being pulled over, Plaintiff claimed, the Officers dragged him from his truck and handcuffed him too tightly, refusing to lessen the restraints despite repeated complaints.  The officers claimed Velius refused to exit his truck and when forcibly removed, Plaintiff and the arresting officer fell to the ground.[2]

At trial resolving Plaintiff's § 1983 excessive force claim, the jury found that Defendants Smyth and Zippilli violated Plaintiff's right not to be subjected to excessive force and failed to intervene to stop the use of excessive force.[3]  The verdict form, however, did not require the jury to specify

---

[2] Neither Plaintiff, nor Defendants, could recall which officer actually placed the handcuffs on Plaintiff.

[3] The jury found no liability as to Defendant officer James Jacobi.

whether liability lay in one of the officer's unreasonable taking of Plaintiff from his vehicle, or the unreasonable tightness of the handcuffs.[4]  The jury further found that Defendants had not caused any injury to Plaintiff.  Consequently, Plaintiff was awarded nominal damages in the amount of $1.00.

The Court granted Plaintiff's motion for attorneys' fees but awarded only $2,259; Plaintiff sought $82,600.  Plaintiff appealed the Court's award and Defendants filed a cross-appeal, claiming that no fee was warranted.  Defendants also appealed the Court's jury instructions and its refusal to enter judgment in their favor based on qualified immunity.  The Third Circuit affirmed the Court's judgment in favor of Plaintiff but vacated the attorneys' fee award and remanded for a *de novo* reconsideration.

## II.

"In any action . . . to enforce a provision of section[]. . . 1983 . . . of [Title 42]. . . the court in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988.

## III.

Under the "American rule," parties are ordinarily

---

[4] As the distinction was not made, it is also possible that the jury found liability in both acts.  *Velius*, 2012 U.S. App. LEXIS 5009, at *20 n. 4.

3

responsible for their own attorneys' fees.[5] *Truesdell v. Phila. Hous. Auth.*, 290 F.3d 159, 163 (2002) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). 42 U.S.C. § 1988(b), however, creates an exception to this rule whereby litigants who prevail in § 1983 suits may have their attorneys' fees included in the cost of litigation. *See, e.g., Solomen v. Redwood Advisory Co.*, 223 F. Supp. 2d 681, 682 (E.D. Pa. 2002). "[I]n order to qualify for attorney's fees under § 1988, a plaintiff must be a prevailing party." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992). The Supreme Court has clarified that a judgment for damages in any amount, "whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Id*. at 113. Consequently, "[a] plaintiff who wins nominal damages is a prevailing party under § 1988," *id.*, and thus may have his attorney's fees included in the cost of litigation.

Although the award of only nominal damages "does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988." *Farrar*, 506 U.S. at 114. In fact,

---

[5] The "American Rule" differs from the "English Rule," which dictates that a losing party pays for all, or a sizeable portion, of the prevailing party's counsel's fees. *See, e.g.*, David A. Root, *Attorney Fee-Shifting In America: Comparing, Contrasting, and Combining the "American Rule" and "English Rule,"* 15 IND. INT'L & COMP. L. REV. 583 (2005).

4

"a nominal damages award is presumptively a technical victory that does not merit an award of attorneys' fees." *Velius*, 2012 U.S. App. LEXIS 5009, at *19. Consequently, Plaintiff's $1 victory is presumptively a technical one that does not merit an award of attorneys' fees.

The presumption, however, is only that: a presumption. The Third Circuit has not recognized "any rule strictly governing when a nominal damages award signals *de minimis* success."[6] *Velius*, 2012 U.S. App. LEXIS 5009, at *19. Rather, district courts have substantial discretion to decide whether no fee or some fee would be reasonable. *Id.*

In exercising its discretion, the Court finds that no fee is appropriate. Plaintiff sought "not in excess of One Hundred Fifty Thousand Dollars ($150,000)" (Compl. ¶ 29) and recovered only $1. In light of Plaintiff's failed attempt to recover substantial monetary damages, this case is not the rare one in which the recovery of only nominal damages justifies the award of attorney's fees. *See Farrar*, 506 U.S. at 115 ("Where recovery of private damages is the purpose of . . . civil rights litigation,

---

[6] The Third Circuit has articulated two rules concerning the grant of attorney's fees following the award of nominal damages: (1) district courts must "acknowledge that a nominal damages award is presumptively a technical victory that does not merit an award of attorneys' fees," *Velius*, 2012 U.S. App. LEXIS 5009, at *19; and (2) "if the court decides to award something other than no fee or a low fee, it must conduct a lodestar analysis," *id.* at *20.

a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought.") (citations omitted); *see also Velius*, 2012 U.S. App. LEXIS 5009, at *18-22 (affirming the "broad" discretion of trial judges outlined in *Farrar*).[7] Accordingly, Plaintiff's motion for attorneys' fees is denied.

## IV.

The Court must also determine Plaintiff's application for attorneys' fees for counsel's appellate advocacy (Dkt. No. 63). Defendants appealed the judgment while Plaintiff appealed the low fee previously awarded.[8] *Velius,* 2012 U.S. App. LEXIS at *1. Plaintiff did not appeal the jury's finding of no compensatory damages. Although Plaintiff successfully defended his status as the prevailing party, his appeal for a larger fee award was

---

[7] In *Velius*, the Third Circuit held the three factors articulated by Justice O'Connor in her concurrence in *Farrar*, i.e., the difference between the relief sought and achieved, the significance of the legal issue decided, and whether the litigation served a public purpose, *see Farrar*, 506 U.S. 116-122, relevant for use "by trial judges who believe the case before them may present the rare situation in which success on the claim justifies attorneys' fees despite the technical victory manifested by an award of nominal damages." *Velius,* 2012 U.S. App. LEXIS at *19; *see also Jama v. Esmor Correctional Services, Inc*. 577 F.3d 169, 176 (3d Cir. 2009). Because the Court finds that the instant case does not present such a situation, it does not apply the factors.

[8] Defendants challenged the judgment on two grounds, attacking the jury instructions and the Court's denial of judgment in their favor based on qualified immunity. *Velius,* 2012 U.S. App. LEXIS at *1.

6

unsuccessful.  *See Velius,* 2012 U.S. App. LEXIS at *11-20.  The Third Circuit, in vacating the Court's prior award, strongly reaffirmed that "a nominal damages award is presumptively a technical victory that does not merit an award of attorneys' fees."  *Velius,* 2012 U.S. App. LEXIS 5009, at *19.  The appellate court further strengthened the presumption, clarifying that *Jama* holds only that a plaintiff's "substantial award" on pendant state claims may be used in determining whether a prevailing party that receives only nominal damages is entitled to a fee award.  *Velius,* 2012 U.S. App. LEXIS 5009, at *15.

Furthermore, Plaintiff's success, defending his prevailing party status, is circumscribed by the Third Circuit's hostile disposition of his fee appeal.  Accordingly, the Court denies Plaintiff's application.

### V.

For the reasons set forth above, Plaintiff's motion for attorneys' fees and his application for attorneys' fees are both denied.  An appropriate Order and Amended Judgment accompanies this Opinion.

DATED: 6/22/2012

                                                S/ Joseph E. Irenas
                                               **JOSEPH E. IRENAS, S.U.S.D.J.**